IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THOMAS DEJESUS,
individually and on behalf of the class
members described herein,

        Plaintiff,

  v.

MICHAEL H. COHN and WILLIAM M. ROTH,
doing business as COHN & ROTH, a partnership,

        Defendants.
-----------------------------------------------------------x

Case No: 17-cv-3948

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Thomas DeJesus brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Michael H. Cohn and William M. Roth, d/b/a Cohn & Roth, a partnership. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District are proper because defendants do or transact business within this District and because defendants' collection communications impacted plaintiff within this District.

## PARTIES

9. Plaintiff, Thomas DeJesus, resides in Orange County, New York.

10. Defendants Michael H. Cohn and William M. Roth are New York attorneys who do business as Cohn & Roth, a partnership, at 100 E. Old County Road, Mineola, NY 11501. The partners and partnership will be referred to as "Cohn & Roth."

11. The practice of Cohn & Roth consists largely of enforcing and collecting debts incurred by consumers for personal, family or household purposes, including residential mortgage debts, and owed to firms other than Cohn & Roth.

12. On information and belief, based on a search of court records, Cohn & Roth has over 100 pending foreclosure cases.

13. Cohn & Roth uses the mails and telephone in conducting such practice.

14. Cohn & Roth is a debt collector as defined in the FDCPA.

## FACTS

15. Defendants have been attempting to collect from plaintiff an alleged defaulted residential mortgage debt, incurred, if at all, for personal, family or household purposes and not for business purposes.

16. On or about August 2, 2016, Cohn & Roth sent plaintiff the letter attached as Exhibit A.

17. Exhibit A was the initial letter plaintiff received from Cohn & Roth concerning the debt described therein.

18. Exhibit A is a form intended for use as the initial letter Cohn & Roth sends to a consumer concerning a debt.

19. Exhibit A is the document which Cohn & Roth uses as the "notice of debt" intended to comply with 15 U.S.C. §1692g.

## COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-19.

21. Exhibit A fails to comply with §1692g in the following respects:

   a. It refers to "our client, Selene Finance," without clearly stating whether Selene is the current creditor or owner of the debt, which is what is required to be disclosed, or a servicer. Selene is not the original creditor. Ownership and servicing are often transferred separately. It is unclear from Exhibit A what role "Selene Finance" has with respect to plaintiff's mortgage.

   b. It gives an amount for "principal, accrued interest, escrow advances and additional advances" but does not indicate if there are other items, such as attorney's fees, title expenses, and the like.

   c. It refers to possible additional "late charges" on an accelerated debt, which is not permitted.

22. As a result, plaintiff was deprived of information. required to be provided by the

FDCPA and necessary to evaluate what response to make to defendant's demand.

23. Section 1692g states:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**
>
> **(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

> **(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).
>
> **(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

24. For the same reason, Exhibit A is confusing and violates 15 U.S.C. §1692e, 1692e(2), and 1692e(10).

25. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
>   **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

26. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

27. The class consists of (a) all individuals (b) to whom Cohn & Roth sent a letter in the form represented by Exhibit A (c) addressed to the same place as the "premises" address (d) which either (i) refer to a "client" without stating whether it was the owner of the debt (ii) give an amount for specified items without stating whether that was the entire debt (iii) referenced to "late charges" on a consolidated debt, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

28. On information and belief, based on the use of a form letter and a search of court records, the class is so numerous that joinder of all members is not practicable. Cohn & Roth has over 100 pending foreclosures and presumably sends a demand letter on each.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether <u>Exhibit A</u> complies with the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

                                       <u>s/Tiffany N. Hardy</u>
                                         Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

Email address for service: courtecl@edcombs.com

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                                    s/Tiffany N. Hardy
                                                                    Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

                                                                     s/Dan Shaked
                                                                    Dan Shaked

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.  These materials are likely very relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                                       s/Tiffany N. Hardy
                                                                        Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com