IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THOMAS DEJESUS,
individually and on behalf of a class,

                Plaintiff,

v.

MICHAEL H. COHN and WILLIAM M. ROTH,
d/b/a COHN & ROTH,

                Defendants.
-----------------------------------------------------------x

Case No:7:17-cv-03948-NSR

**PRELIMINARY APPROVAL ORDER**

This matter comes before the Court on the joint request (the "Joint Motion") of Thomas DeJesus, and a class of persons similarly situated (collectively "Plaintiff" or "Settlement Class Members"), and Defendant, Cohn & Roth, LLC ("Defendant") for preliminary approval of the Class Action Settlement Agreement, dated November 2017 (the "Agreement"). The Court has reviewed the Agreement and the exhibits attached to the Joint Motion, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. The Court hereby provisionally certifies the following Class solely for settlement purposes:

3. The Class is defined as (a) all individuals (b) to whom Defendant sent a letter in the form represented by <u>Exhibit A</u> the Complaint, (c) addressed to the same address as the "premises address," (d) which letter was sent at any time during a period beginning



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/7/2017

May 24, 2016 and ending June 13, 2017. Defendant represents that the class consists of approximately 376 persons..

4. Based on the Parties' stipulation, and for settlement purposes only:

(A) the class as defined is sufficiently numerous such that joinder is impracticable;

(B) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") when it sent a collection letter to Plaintiff and that Class that Plaintiff alleges violated 15 U.S.C. §1692g;

(C) the claims of Plaintiff, Thomas DeJesus, are typical of the Class Members Claims;

(D) Plaintiff Thomas DeJesus is an appropriate and adequate representative for the Class and his attorneys, Edelman, Combs, Latturner and Goodwin, LLC, & Shaked Law Group are hereby appointed as Class Counsel; and

(E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

5. The Court finds that the proposed class action settlement is within the range of fairness and reasonableness and grants preliminary approval of the Settlement Agreement.

6. If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

7. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on March 28, 2018 at 11:30 a.m./p.m.

8. The Court approves the proposed form of notice to the Class Members, to be directed to the last known address of the Class Members as shown on Defendant's records. Defendant shall advance $1,000.00 for the costs of Class Notice and Administration to Class Counsel by Dec. 18, 2017, (within 10 days after entry of this Order). Class Counsel shall cause a third-party administrator to mail notice to class members on or before Jan. 8, 2018 (within 30 days after entry of the Preliminary Approval Order). The third-party administrator will have the notice sent by any form of bulk mail that provides address-forwarding mail to each address. It will re-mail any notice that is returned with a forwarding address within five (5) business days.

9. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and FED. R. CIV. P. 23(c)(2)(B).

10. Class members shall have 45 days from the mailing of class notices to submit a Claim Form, request exclusion or object to the proposed settlement. If notice is mailed on Jan. 8, 2018, Class members shall have until Feb. 22, 2018 to submit a Claim Form, request exclusion, or object to the proposed settlement. Any Class member who desires to receive a share of the Class Settlement Fund must submit a Claim Form. Any class member who desires to exclude him or herself from the action must mail a request for exclusion in accordance with the instructions on the Class Notice. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for

the Southern District of New York, and serve copies of the objection on counsel for Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.

11. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

12. Any person may seek to be excluded from the Settlement. Any person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN DEJESUS V. COHN & ROTH." The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendant's Counsel and to Class Counsel no later than fifteen (15) business days before the Fairness Hearing.

13. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to

designated Class Counsel and Defendant's Counsel a written notice of objection no later than 14 days before the Fairness Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendant's Counsel with the written notice of request for exclusion. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

14.     Class Counsel shall file its fee petition by ___Feb.___ 8__, 2018 (30 days after the initial mailing of Class Notice).

14.     The Court notes that Defendant denies any liability to the Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant, and its current and former officers, directors, trustees, members, principals, successors, assigns, and agents and all persons acting by, through, or in any way on behalf of the Defendant (in their capacity as such), be released, relinquished, discharged on the terms set forth herein be released in order to avoid further expense, dispose of

burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendant arising from the claims alleged in the Complaint.

15. All discovery and other proceedings in the Action are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement or complying with the terms of the Agreement.

16. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims unless and until the Settlement Agreement is terminated.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

SO ORDERED this 7th day of December, 2017.

_____
Hon. Nelson S. Roman
United States District Judge