**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

THOMAS DEJESUS,
individually and on behalf of a class,

          Plaintiff,

v.

COHN & ROTH, LLC

          Defendants.

---------------------------------------------------------------x

Case No:7:17-cv-03948-NSR

**FINAL APPROVAL ORDER**

This matter comes before the Court on the joint request (the "Joint Motion") of Thomas DeJesus, and a class of persons similarly situated (collectively "Plaintiff" or "Class Members"), and Cohn & Roth, LLC ("Defendant") for final approval of the Class Action Settlement Agreement, dated December, 2017 (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On December 7, 2017 this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendant for the claims alleged in the above captioned matter *DeJesus v. Cohn & Roth, LLC* Docket No. 7:17-cv-03948-NSR filed in the United States District Court for the Southern District of New York. The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 366 individuals who are deemed Settlement Class Members. A total of 26 Notices were returned by the United States Postal Service. Seven of the 26 Notices contained a forwarding address and were remailed. The remaining 19 Notices did not contain any forwarding

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/18

information and could not be remailed. No Class Members requested exclusion from the class. Forty-Six (46) Class members submitted a timely valid claim form. There were no late claim form submissions. The Court finds that 46 class members shall share in the Settlement Fund, no class members requested exclusion, and no class members objected to the Settlement.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and the Class Settlement Members, and the Defendant.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. All of the Released Claims are dismissed without prejudice as to the Class Representative and Named Plaintiff, Thomas DeJesus and the Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. For purposes of settlement the parties stipulate to the following class:

   (a) All individuals, (b) To whom Defendant sent a letter in the form represented by Exhibit A to the Complaint, (c) Addressed to the same address as the "premises

address," (d) which letter was sent any time during a period beginning May 24, 2016 and ending June 13, 2017.

8. The Court finds that the stipulated class meets the requirements of Rule 23. Specifically, the Court finds that:

(a) The class is so numerous that joinder is impracticable.

(b) There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

(c) Plaintiff's claims are typical of the claims of the class members.

(d) Plaintiff and class counsel have fairly and adequately represented the interests of the class members.

(e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9. Defendant will maintain a list of class members who are subject to the Release.

10. Each Class Member not opting out as of the Effective Date does hereby release and forever discharge the Defendant, and its Related Parties, collectively, "Released Parties") from all causes of action, suits, claims, liens and/or demands, whatsoever, known or unknown, in law or in equity, which the Class now has, ever had, or hereafter may have against the Released parties, for any violations of the FDCPA, arising out of the claims alleged on behalf of the Class in the Complaint. This Agreement does not address the validity of the debts and/or mortgages allegedly owed by the Class Members. Thomas DeJesus and the Class Members do not release their right to dispute any alleged debt or mortgage, or any part of an alleged debt or

mortgage unrelated to the collection letter at issue. This release is conditioned on Plaintiff, the Class Members, Class Counsel and Defendants meeting their obligations as set forth in the Settlement Agreement.

11. Plaintiff Thomas DeJesus and his assigns, heirs, successors, agents and personal Representatives (in their capacity as such), do hereby release and forever discharge the Released Parties from all causes of action, suits, claims, liens and/or demands, whatsoever, known or unknown, in law or in equity, which were raised or could have been raised in the instant lawsuit. This release is conditioned on Plaintiff, the Class Members, Class Counsel and Defendant meeting its obligations as set forth in the Settlement Agreement.

12. Plaintiff Thomas DeJesus and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying mortgage foreclosure litigation brought by or on behalf of Defendant.

13. The Court approves payment of One Thousand and Five Hundred Dollars ($1,500.00) to Plaintiff Thomas DeJesus, for his actual and statutory damages and for his service as class representative, as a monetary incentive award.

14. The Court approves payment of Twelve Thousand and Five Hundred Dollars ($12,500.00), for the establishment of a class fund to be distributed on a *pro rata* basis to the class members who submitted a valid claim form.

15. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released

4

Parties; or

  b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

16. The Court dismisses the claims of the Plaintiff, and the Class against Defendant without prejudice. Class Counsel shall file a notice of compliance no later than fifty (50) days after the Void Date as defined in ¶1.31 of the Class Settlement Agreement, as set forth in paragraph "21" below. The dismissal shall convert to a dismissal with prejudice 10 days after the Class Counsel files a notice of compliance as set forth in paragraph 21 below, absent any motion by Class counsel or the defendant.

17. Within thirty (30) days after the Effective Date, Class Counsel shall make all payments required by the Agreement out of the settlement funds advanced by Defendant.

18. Within thirty (30) days of the Effective Date, Class Counsel shall cause checks to be issued and delivered to the class members who submitted valid claim forms.

19. If any Settlement Class Member fails to cash a settlement check within ninety (90) days of mailing ("Void Date"), the check will be void, Defendants shall be released from any related obligation to the Settlement Class Member, and the Settlement Class Member's right to receive benefits in the Action and pursuant to the Settlement shall be deemed forfeited.

20. The Court designates The Legal Aid Society, as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to The Legal Aid Society, 199 Water Street, New York, New York 10038 within 30 days of the Void Date.

21. When all of the following have been completed: (i) payment to the Class Representative (ii) payment to the Class Members who submitted valid claim forms (iii) the expiration of fifty (50) days after the Void Date, (iv) payment of attorney's fees, and (v) payment of the *cy pres* award, Class Counsel shall file a "Notice of Compliance" that it has complied with the Terms of the Agreement and all Class members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient. The Notice of Compliance will request that the Court convert the dismissal of the claims of the Class Representative and Named Plaintiff Thomas DeJesus and the Class against Defendant and the Released Parties in this Order to a dismissal with prejudice.

22. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $10,000.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $10,000.00 to Class Counsel in accordance with the Agreement. Payment shall be made within thirty (30) days of the Effective Date.

23. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative and Named Plaintiff, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

24. This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

Dated: April 10, 2018

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Clerk of the Court requested to terminate the motion (doc. 36).